UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ALEXANDER DE LA CRUZ, individually
and on behalf of all others similarly
situated,

      Plaintiff,

vs.

LA ROSA REALTY, LLC, a Florida
Limited Liability Company,

      Defendant.    /

Case No.:
**DEFENDANT'S NOTICE OF REMOVAL**

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1441, and 1446, La Rosa Realty, LLC, ("Defendant") through the undersigned counsel, files this Notice of Removal of an action pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and states the following:

## GENERAL ALLEGATIONS

1. On October 22, 2019, Alexander De La Cruz, ("Plaintiff") commenced an action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Alexander De La Cruz, individually and on behalf of all others similarly situated vs. La Rosa Realty, LLC,* Case Number 2019-031220-CA-01, (the "Original Action"). A copy of Plaintiff's current pleading is attached as "Exhibit A" to this document.

2. Plaintiff's Original Action sues Defendant under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Removal is based on Federal question jurisdiction, as clearly shown by the allegations on the face of the Complaint, and set forth more fully below. 28 U.S.C. §§ 1331, 1441.

3. Removal is proper. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315-16 (S.D.

Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA . . . It is established that federal courts have subject matter jurisdiction over TCPA claims.") (citation omitted).

## NOTICE OF REMOVAL IS TIMELY

4. Plaintiff commenced its Original Action on October 22, 2019.

5. As of November 27, 2019, Defendant has not been served a copy of the Original Action.

6. On October 29, 2019, Defendant became aware of this action via an attorney mailing.

7. Under 28 U.S.C. 1446(b)(1), this Notice of Removal is timely filed because it is filed within thirty days after Defendant received a copy of the Original Action, through service or otherwise.

## ALL DEFENDANTS CONSENT TO THIS REMOVAL

8. Pursuant to 28 U.S.C. 1446(b)(2)(A), the only Defendant who has been properly joined is the mover of this removal, and has therefore consented to the removal of this action.

## FEDERAL QUESTION JURISDICTION

9. Plaintiff's Complaint is, on its face, brought under federal statutes, federal regulations, alleged federal common law, and alleged federal administrative rulings.

10. Federal-question jurisdiction is governed by the, "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of the Plaintiff's Complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

11. "[T]he Court must look at the plaintiff's complaint a the time of removal." *Gables Ins. Recovery v. United Healthcare Ins. Co.,* 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013); *accord Herman v. Hartford Lide & Acc. Ins. Co.,* No. 10-61661-CIV, 2011 WL 1458050, *2 (S.D. Fla. Apr. 15, 2011).

12. In ¶¶ 1, 11-15, 39, 53-54, 57-58, Plaintiff in his complaint attempts to state a claim under the TCPA.

13. Additionally, Plaintiff's Complaint contains only one count, which is based solely on the alleged violation of federal law, captioned as, "Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiff and the Class)."

14. Furthermore, in ¶¶ A and B of Plaintiff's request for relief, Plaintiff again alleges violation of the TCPA.

15. In ¶¶ 16-17, Plaintiff relies on its interpretation of Federal Communications Commission TCPA Rulings to allege violations of the TCPA.

16. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012).

17. Plaintiff's alleged claim is created by the TCPA, which is a federal statute.

18. Plaintiff's TCPA claim arises under the laws of the United States within the meaning of 28 U.S.C. § 1331.

19. Under 28 U.S.C. § 1331, this Court has original jurisdiction because Plaintiff's Complaint is a civil action arising under the Constitution, laws, or treaties of the United States.

20. TCPA cases are removable. *Mims,* 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.,* 878 F. Supp. 2d 1312, 1315-16 (S.D. Fla. 2012) (citing *Mims*).

21. Removal is proper, and this Court has jurisdiction pursuant to 28 U.S.C. § 1441(a).

22. 28 U.S.C. § 1441(a) provides that an action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending."

23. This Court is in the District embracing the Eleventh Judicial Circuit in and for Miami-Dade

County, Florida. Under Rule 201, Fed. R. Evid., that fact is judicially noticeable.

24. This case, cause, and action have been properly removed.

## COPIES OF ALL PLEADINGS

25. Under 28 U.S.C. § 1446(a), a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action".

26. Exhibit A is a copy of the Complaint.

27. Exhibit B is a copy of the Civil Cover Sheet.

28. Exhibit C is a copy of the Notice of E-Mail Compliance for Service.

29. Exhibit D is a copy of the Summons to be Issued.

30. Exhibit E is a copy of the Issued Summons.

31. Exhibit F is a copy of Plaintiff's First Request for Production to Defendant.

32. Exhibit G is a copy of Plaintiff's Notice of Service of Interrogatories.

33. Exhibit H is a copy of Plaintiff's Request for Inspection of Property.

34. As of November 27, 2019, Exhibits A through H are copies of all process and pleadings that have been filed by Plaintiff, and to Defendant's knowledge, have yet to be served upon Defendant. To Defendant's knowledge, no orders have been issued.

## NOTICE OF FILING IN STATE COURT

35. Pursuant to 28 U.S.C. § 1446(b), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Eleventh Judicial Circuit in which Plaintiff's action was originally filed through the e-filing of this notice with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2019-031220-CA-01 in the form attached below as Exhibit I.

36. Defendant has satisfied all of the requirements for removal of this action under 28 U.S.C. §1446 and all other applicable statutes and rules.

WHEREFORE, Defendant respectfully requests this Court to assume full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Dated: November 27, 2019

                              Respectfully Submitted,

                              By:  /s/ David M. Chico, Esq.
                              David M. Chico, Esq, FBN: 010318
                              Benjamin Weissman, Esq., FBN: 120770
                              DAVID CHICO LAW GROUP
                              607 Celebration Avenue
                              Celebration, Florida 34747
                              T: 407-933-7703
                              F: 407-933-7713
                              For eService: serve@davidchicolaw.com
                              Trial Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 27, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

                              By:  /s/ David M. Chico
                              David M. Chico, Esq.
                              Florida Bar No.: 010318